

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-21-2009

# Stanford Large v. County of Montgomery

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-3167

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Stanford Large v. County of Montgomery" (2009). *2009 Decisions.* Paper 2007.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/2007

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

DLD-64                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-3167
_____

STANFORD LEROY LARGE,

Appellant

v.

COUNTY OF MONTGOMERY;
DETECTIVE CHRISTOPHER KUKLENTZ;
DETECTIVE O'DONNELL

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
07-cv-03329
District Judge:  Honorable Anita B. Brody

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6

Before:  BARRY, AMBRO and SMITH, <u>Circuit</u> <u>Judges</u>

(Opinion filed: January 21, 2009 )
_____

OPINION
_____

PER CURIAM

On August 13, 2007, Standford Leroy Large, a prisoner proceeding <u>pro</u> <u>se</u>, filed a

lawsuit pursuant to 42 U.S.C.S. § 1983 against a variety of defendants alleging that his civil rights had been violated during his arrest on April 19, 2002, when the arresting officers beat him and questioned him without reading him his <u>Miranda</u> rights. The District Court dismissed Large's complaint, reasoning that his claim of excessive force was time-barred and his <u>Miranda</u> claim failed to state a claim upon which relief could be granted, pursuant to <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994). Large filed a timely notice of appeal and later filed a motion to proceed <u>in forma pauperis</u> ("IFP"), which was subsequently granted by this Court.

We have jurisdiction under 28 U.S.C.S. § 1291. We may summarily affirm the District Court's judgment if the appeal presents no substantial question, 3d Cir. LAR 27.4 and I.O.P. 10.6, and may affirm on different grounds, provided the basis for an affirmance was before the District Court . <u>See</u> <u>Morse v. Lower Merion School Dist.</u>, 132 F.3d 902, 904 (3d Cir. 1997).

The District Court dismissed Large's excessive force claim pursuant to the statute of limitations. As the court explained, because the actions forming the basis of Large's complaint occurred in the Commonwealth of Pennsylvania, Pennsylvania's two year statutory period applies to his claims. <u>See</u> <u>Disabled In Action of Pennsylvania v. Southeastern Pennsylvania Transportation Authority</u>, 539 F.3d 199, 208 (3d Cir. 2008).

The limitations period begins when the plaintiff knows or had reason to know of the injury forming the basis for the federal civil rights action. <u>Genty v. Resolution Trust</u>

2

Corp., 937 F.2d 899, 919 (3d Cir. 1991). Applying Genty to Appellant's excessive force claim, it is apparent that Large was aware of his alleged mistreatment as it occurred on the date of his arrest, April 19, 2002. Accordingly, the District Court properly dismissed Large's excessive force claim as it was filed in 2007, several years beyond the 2 year statute of limitations.

The District Court did not apply a statute of limitations analysis to Large's Miranda claim, opting instead to dismiss the claim pursuant to Heck. As the District Court explained, § 1983 is not an avenue for relief from the mere failure to provide a Miranda warning. Chavez v. Martinez, 538 U.S. 760, 772 (1994) and Giuffre v. Bissell, 31 F.3d 1241, 1256 (3d Cir. 1994). Relief may, however, be available pursuant to § 1983 if the statement obtained without a Miranda warning is used at trial. Renda v. King, 347 F.3d 550, 557-59 (3d Cir. 2003). See also McKinley v. City of Mansfield, 404 F.3d 418, 436-39 (6th Cir. 2005) and Sornberger v. City of Knoxville, Illinois, 434 F.3d 1006, 1025-27 (7th Cir. 2006).

The District Court rejected the claim as barred by Heck, where the Supreme Court held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a 42 U.S.C.S. § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into

3

question by a federal court's issuance of a writ of habeas corpus pursuant to 28 U.S.C.S. § 2254." 512 U.S. 477 at 486-87. Explaining further the Court continued, "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." Id. at 487. Emphasizing the importance of the word "necessarily," the Court explained, "if the district court determines that the plaintiff's action, even if successful will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the actions should be allowed to proceed." Id. In footnote 7, the Heck Court provided an example of such a case:

> a suit for damages attributable to an allegedly unreasonable search may lie even if the challenged search produced evidence that was introduced in a state criminal trial resulting in the § 1983 plaintiff's still-outstanding conviction. Because of doctrines like independent source and inevitable discovery, . . . and especially harmless error, . . . such a § 1983 action, even if successful would not *necessarily* imply that the plaintiff's conviction was unlawful.

Id. (internal citations omitted). See also Nelson v. Campbell, 541 U.S. 637, 646-47 (2004).

Applying Heck and Nelson here, we are unconvinced that a finding in Large's favor on the Miranda claim would *necessarily* imply that his conviction was unlawful.[1]

---

[1] The Eighth Circuit has analyzed this exact question and concluded that Miranda-based § 1983 claims do not run afoul of Heck. Simmons v. O'Brien, 77 F.3d 1093, 1094-95 (8th Cir. 1996). Similarly, seeking damages for the use of evidence obtained from an illegal wiretap at one's criminal trial is not prohibited by Heck. Apampa v. Layng, 157 F.3d 1103, 1105 (7th Cir. 1999).

4

We do not have any record of whether the evidence allegedly obtained in violation of Miranda was even used at the criminal proceedings. Without a review of the state trial court's transcript it is impossible to determine if Large's conviction resulted exclusively from his own statements or if other independent evidence sufficient to result in his conviction was considered as well. According to Defendant Kuklentz' affidavit of probable cause which was attached as Exhibit C to Defendant's Motion to Dismiss Plaintiff's Complaint, "a statement given by Fernbach indicated that she and Large were in the practice of trafficking cocaine together." This statement alone suggests that even without Large's incriminating statements, the trial court may have had sufficient evidence to convict Large. We need not resolve this issue here, however, because it is clear that the statute of limitations has also run on Appellant's Miranda claim.

A complaint is subject to dismissal for failure to state a claim on statute of limitations grounds if it is apparent on the face of the Complaint that the action was untimely filed and the affirmative defense was also clearly plead by defendants. See Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1385 n.1 (3d Cir. 1994).

In the damages section of his complaint, Large states that the alleged injury "has now cost the plaintiff in excess of (3), Three-Years of his life." (Complaint Exhibit B). Although Large did not explicitly state which of the two alleged injuries he believes cost him the three years of his life, taken in proper context it is clear that he was referring to the freedom he lost as a result of his conviction in 2004 and subsequent incarceration–not

a literal shortening of his life as a result of the excessive force he alleges occurred at the time of his arrest.   With an injury that he admits was at least 3 years old at the time he filed his complaint, as evidenced by the text of the Complaint, Large's <u>Miranda</u> claim is outside the two year statute of limitations.[2]  Defendants argued that the Complaint was time-barred in their Motion to Dismiss Plaintiff's Complaint, thereby satisfying the second prerequisite for dismissal outlined by <u>Oshiver</u>.

Because this appeal does not present a substantial question, we will summarily affirm the Judgment of the District Court.

---

[2]  Pinpointing the beginning of the statute of limitations period that applies to Large's <u>Miranda</u> claim requires determining when the violation occurred.   This Court has held that "a claim accrues in a federal cause of action as soon as a potential claimant either is aware, or should be aware, of the existence of a source of injury." <u>Oshiver</u> at 1386. See also <u>Gibson v. Superintendant of New Jersey Dept. Of Law and Public Safety</u>, 411 F.3d 427, 436 (3d Cir. 2005) (holding false arrest and false imprisonment claims are not necessarily barred by <u>Heck</u>, but the causes of action accrue on the date of the arrest.) <u>See</u> <u>Simmons</u> at 1094-95 (8th Cir. 1996) (<u>Miranda</u> claim not barred by <u>Heck</u>, but the claim accrued at the time of the <u>Miranda</u> violation). Large's <u>Miranda</u> rights were not violated until the illegally obtained statement was introduced at his criminal trial. <u>Supra</u>. Once this occurred at trial in his presence, Large knew or should have known of the injury. Thus, applying <u>Oshiver</u>, his cause of action accrued at that time.
 While the exact date the alleged illegally obtained statement was used in trial cannot be determined from the record, the criminal docket sheet reveals that the guilty verdict was rendered by the Montgomery County trial Judge on March 26, 2004. The alleged <u>Miranda</u> violation must have occurred on or before that date. Crediting Large with the latest possible date of the <u>Miranda</u> violation still results in the statute of limitations running on March 27, 2006, a full 16 months before Large filed his claim.